COMMISSIONERS OF MIDDLESEX COUNTY *vs.* AMERICAN FEDERATION OF STATE, COUNTY & MUNICIPAL EMPLOYEES, AFL-CIO, LOCAL 414.

Middlesex.    April 7, 1977. — April 29, 1977.

Present: HENNESSEY, C.J., QUIRICO, BRAUCHER, WILKINS, & ABRAMS, JJ.

*Arbitration,* Discharge of employees.    *County,* Employees.

The terms of a collective bargaining agreement which provided for discharge of nontenured employees "for just cause" did not conflict with G. L. c. 35, § 51, which provides a procedure for discharge of tenured employees; and it was within the scope of an arbitrator's authority to decide whether there was a reasonable basis for the employees' discharges and to award reinstatement. [468-469]

BILL IN EQUITY filed in the Superior Court on August 30, 1973.

An application to vacate an arbitration award was heard by *Cross,* J.

The Supreme Judicial Court, on its own initiative, ordered direct appellate review.

*Augustus J. Camelio* for the defendant.
*Richard K. Donahue* for the plaintiffs.

BRAUCHER, J.   County employees were discharged. Pursuant to a collective bargaining agreement, their union sought arbitration on their behalf. The county commissioners sought to prevent arbitration, and later moved to vacate the arbitrator's award directing reinstatement. The motion was allowed in the Superior Court. We reverse the judgment, and order judgment confirming the award. We hold that G. L. c. 35, § 51, providing for the discharge of tenured employees, does not prevent arbitration of discharges of nontenured employees. We further hold that the arbitrator's decision was within the scope of his authority under the collective bargaining agreement.

The facts are stipulated. In February, 1973, fifteen nontenured employees of the county were discharged for leaving their employment (1) without "punching out," (2) without permission of their supervisor, and (3) before completing their tours of duty. Two employees, one tenured, were discharged as supervisors for allowing employees to leave without punching out and for repeated failure to accept correction. This was their first offense. After a hearing before the superintendent of buildings and another hearing before representatives of the plaintiff county commissioners, the discharges were affirmed. The matter proceeded to arbitration on behalf of the sixteen nontenured employees, and the arbitrator ordered their reinstatement.

The agreement provided for arbitration of grievances, but added, "The arbitrator shall not have any authority to change, modify or alter any provision of this Agreement nor shall any arbitrator have any authority to impose any obligation upon the County unless clearly required by the application of an express provision of this Agreement . . . ." As to discipline and discharges, the agreement provided for discharge "for just cause," and added, "Just cause shall be as determined by the County unless it can be shown that there was no reasonable basis for the findings of fact or the decision of the County." This provision was not to apply to employees having rights under G. L. c. 35, § 51 (tenured

employees), nor to employees with less than six months service.

The judge ruled that discharge of employees, as a condition of employment, was an arbitrable issue, but that arbitration over the discharges of nontenured employees conflicted with G. L. c. 35, § 51, citing G. L. c. 149, § 178I.[1] He ruled that the standard of review by the arbitrator under the agreement was substantially the same as that for judicial review of administrative agencies under G. L. c. 30A, § 14, citing for comparison *New York Cent. R.R.* v. *Department of Pub. Works,* 354 Mass. 332, 336 (1968). He upheld the arbitrator's conclusion that the county's findings of fact had a reasonable basis. But, he ruled, "The conclusion of the Arbitrator that the decision of the County to discharge the employees had no reasonable basis because 'progressive discipline' was the appropriate procedure amounts to a substitution of the Arbitrator's judgment for that of the County — this was not authorized by the collective bargaining agreement." The union appealed, and we transferred the case to this court on our own motion.

In 1973, G. L. c. 35, § 51, as amended through St. 1970, c. 70, provided for tenure for employees with seven years of service, and for a procedure for discharge. Contrary to the plaintiffs' contention, that statute did not make any provision with respect to employees having less than seven years of service. The provisions of the collective bargaining agreement with respect to nontenured employees, therefore, did not and indeed could not conflict with the statute.

The agreement gave the arbitrator authority to decide, separately, whether there was a reasonable basis for the county's "findings of fact," and whether there was a reasonable basis for the county's "decision." He did so. There is no suggestion of fraud or bad faith. Therefore, whether or not he substituted his judgment for that of the county, he did not exceed his powers. G. L. c. 150C, § 11 (*a*) (3).

---

[1] As amended through St. 1970, c. 340, now replaced by G. L. c. 150E, § 7 (*b*), inserted by St. 1973, c. 1078, § 2.

*Trustees of Boston & Me. Corp.* v. *Massachusetts Bay Transp. Auth.,* 363 Mass. 386, 390 (1973). No separate issue has been raised as to the employee who was a supervisor. Cf. *School Comm. of W. Springfield* v. *Korbut,* 4 Mass. App. Ct. 743, 747 (1976) (reinstatement to supervisory academic position not authorized).

The judgment appealed from is reversed. A new judgment is to be entered confirming the award.

*So ordered.*